# EXHIBIT 1

# SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This SETTLEMENT AND RELEASE AGREEMENT ("Agreement") is entered into by and between North Carolina Baptist Hospital (the "Hospital") and Joseph H. Vincoli ("Employee"). In consideration of the mutual covenants, conditions and promises set forth in this Agreement, and other good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged, the undersigned parties agree as follows:

WHEREAS, Employee was terminated on October 2, 2007; and

WHEREAS, Employee, through his attorneys, has asserted various alleged claims relating to the termination of his employment; and

WHEREAS, the Hospital denies any liability to Employee; and

WHEREAS, the parties do hereby desire to settlement any and all potential claims; and

NOW THEREFORE, it is hereby agreed as follows:

## I. Definitions

For purposes of this Agreement, the following Definitions will apply:

A. *Effective Date.* The "Effective Date" of this Agreement is the eighth (8th) day after Employee's execution of this Agreement, as set forth in Paragraph II.F(4) below, provided that Employee does not exercise his right to revoke as set forth in that paragraph.

B. *Released Parties.* The "Released Parties" are the Hospital and its present or former officers, directors, employees, agents, affiliated companies, predecessors, successors and assigns.

C. *Releasing Parties.* The "Releasing Parties" are the Employee and his attorneys, heirs, executors, administrators, representatives, agents, successors, and assigns.

D. *Administrative Proceeding.* An "Administrative Proceeding" includes any charge or complaint or other action instituted with a federal, state, or local governmental agency other than the U.S. Equal Employment Opportunity Commission ("EEOC").

## II. Terms

A. *Return of Hospital Property.* If he has not already done so, Employee will return and give to the Hospital as soon as possible, but no later than seven (7) days after the date of this Agreement, all documents, computer files, and any copies thereof, which relate to the Hospital's business and which are in his possession, or under his direction or control. By the same deadline, Employee will return to the Hospital the items listed on the attached Exhibit A. Provided that all

(Please initial)
Employee _____
Hospital Representative _____

297065.1
407386.1

such property is returned, Hospital will not take any action asserting that the removal of the property was improper or illegal.

B. <u>Lump Sum Payment and Letter of Reference.</u> In consideration for Employee's execution of this Agreement and his release of claims as set forth below, the Hospital will pay to him a lump sum of One Hundred and Fifty Thousand Dollars ($150,000.00), less applicable withholding. It is understood that this amount includes all costs and attorneys' fees. In addition the Hospital will provide Employee with a letter of reference in the form attached hereto as Exhibit B. Lump sum payment will be made the first business day following the Effective Date.

C. <u>Not Otherwise Entitled.</u> Apart from this Agreement, Employee is entitled to no payments or other consideration from the Hospital. The payment described in Paragraph II.B is contingent upon Employee's execution of this Agreement, his not exercising his right to revoke, and his compliance with all of the terms of this Agreement.

D. <u>No Further Obligation.</u> Employee agrees that he has been paid all earned and accrued compensation, less applicable deductions, through the date of this Agreement.

E. <u>Employee Benefits.</u> Employee further agrees that after the Termination Date he no longer has any coverage or entitlement to benefits or contributions under any of the Hospital's benefit plans, with the exception of his option to elect continuation coverage under COBRA and any benefits through the Hospital's plans that were vested as of the Termination Date.

F. <u>Acknowledgements.</u> Employee acknowledges that he has read and understands this Agreement, and he specifically acknowledges the following:

(1) That he has been advised by the Hospital to consult with an attorney, and has had the opportunity to consult with an attorney, before signing this Agreement; and

(2) That he has been given twenty-one (21) days to decide whether to sign this Agreement; and

(3) That he is waiving, among other claims, age discrimination claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.*, and all amendments thereto; and

(4) That if he signs this Agreement, he has seven (7) days in which to revoke his signature, and that the Agreement will not become effective or enforceable until after the Effective Date (in other words, the revocation period must have expired, <u>and</u> Employee must not have exercised his right to revoke). Specifically, Employee understands that he will not receive the payment referred to in Paragraph II.B until after the Effective Date. To revoke this Agreement, Employee must send a written notice to Mark Bachmeier, Human Resources Department, Medical Center Boulevard, Winston-Salem, North Carolina 27157 no later than the eighth (8th) day after Employee's signing of the Agreement; and

(5) That, by signing this Agreement, he is not waiving or releasing any claims based on actions or omissions that occur after the date of his signing of this Agreement.

(Please initial)
Employee _____
Hospital Representative _____

297065.1
407386.1

G.  Release.

(1)  In exchange for the Severance Payment described in Paragraph II.B above, the Releasing Parties fully release and discharge the Released Parties from any and all claims of any nature, whether known or unknown, which Employee may have arising out of or in connection with his employment or termination of his employment, through the Effective Date of this Agreement.

This release includes, but is not limited to, the following claims: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended; the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"); the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (except such rights as may be vested under any retirement plan sponsored by the Hospital); any claims under North Carolina or other state laws, including but not limited to the Retaliatory Employment Discrimination Act, N.C. Gen. Stat. § 95-240 *et seq.*; the North Carolina Persons with Disabilities Protection Act, N.C. Gen. Stat. § 168A-1 *et seq.*; the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.1 *et seq.*; or any claims for wrongful discharge, discrimination, retaliation, harassment, breach of contract, intentional or negligent infliction of emotional distress, defamation, interference with contract, or any other cause of action based on federal, state, or local law or the common law, whether in tort or in contract. Employee further agrees that he and the Releasing Parties will not institute any legal or Administrative Proceeding (as defined in Paragraph I.E, above) against the Released Parties as to any matter based upon, arising out of, or related to his employment, compensation during his employment, or termination of his employment with the Hospital. If Employee files a charge with the U.S. Equal Employment Opportunity Commission that would otherwise have been released by this paragraph, Employee may be limited to non-monetary relief.

(2)  The Hospital fully releases and discharges the Releasing Parties from any and all claims of any nature, whether know or unknown, which Hospital may have arising out of or in connection with Employee's employment, through the Effective Date of this Agreement.

(3)  Provided, however, that this release does not include claims that the Releasing Parties may have wherein the claim(s) involved require(s) court or administrative approval for a release to be valid and enforceable, such as a workers' compensation claim. Notwithstanding the Release provisions hereinabove, this Release shall not be construed to affect or otherwise bar any claim for which a Release would violate public or otherwise be unlawful.

H.  Re-Employment. Employee agrees that he will not seek re-employment with the Hospital or its affiliated companies at any time in the future.

I.  Non-Admission of Liability. Employee agrees that the Hospital entered into this Agreement in compromise of a disputed claim and is not an admission of any liability or wrongdoing on the part of the Hospital.

J.  Taxation. Employee agrees that he is solely responsible for payment of all federal, state, and local taxes on the amounts paid under this Agreement. In the event that the Hospital is required to pay back taxes or Social Security, or fines or assessments, because of

(Please initial)
Employee _____
Hospital Representative _____

Employee's non-payment of taxes on the amounts paid under this Agreement, Employee agrees to indemnify the Hospital for any such amounts.

K. **Mutual non-disparagement.** Employee will not speak in a disparaging manner concerning the Hospital to any person who is not a party to this Agreement, and in the event that an employer or prospective employer contacts the Hospital for a job reference or referral concerning Employee, the Hospital will instruct its employees, agents or representatives with responsibility for making such reference or referral to provide only Employee's dates of employment and position(s) held, consistent with the Hospital's normal policy and practice. Likewise, the Hospital will instruct all of its employees who are aware of the existence of this Agreement not to speak of Employee in a disparaging manner to any person who is not a party to this Agreement.

The provisions of this Paragraph K will not apply in the event of testimony pursuant to a valid subpoena in deposition or court proceedings.

L. **Confidentiality.** Employee agrees that he will not disclose the contents of this Agreement, including the amount of monetary payment, to anyone other than his attorneys, financial advisers, or his spouse, or pursuant to an appropriate order from a court or other entity with competent jurisdiction. In addition, Employee acknowledges that he has held positions of trust and confidence with the Hospital, and that during the course of his employment he has received or been exposed to material and other information concerning its patients, customers or clients; its policies, practices and procedures; its sales, marketing and financial information; and other information which is proprietary in nature, confidential to the Hospital, and not generally available to the public or to the Hospital's competitors, and which, if used or divulged against the Hospital's best interests would irreparably damage its ability to compete in the marketplace ("Confidential Information"). Employee further agrees not to possess, use or disclose to any person or entity any Confidential Information without the prior, written consent of the Hospital, or except as may be required by court order, statute, law or regulation. The provisions of this Paragraph L will not apply in the event of testimony pursuant to a valid subpoena in deposition or court proceedings.

The terms of this Paragraph L are not intended to prevent Employee from using knowledge and information he has acquired over the years; provided that no information that is specific to the Hospital may be disclosed in any manner, directly or indirectly.

Employee's attorneys have asserted a potential claim against the Hospital under ERISA and the Hospital has denied any liability. Employee acknowledges that he is not eligible to participate in any such action and has released any claims under ERISA that he may assert under the terms of this Agreement. Employee's attorneys have indicated that Employee may assist them with the prosecution of any such claim. While the Hospital recognizes that Employee may assist his attorneys in the prosecution of any such claim, Employee agrees that he will not personally contact Hospital employees or former employees regarding such claim and that he will only provide testimony if subject to a valid subpoena. Hospital acknowledges that the inclusion of Employee's attorneys in the Releasing Parties does not prevent those attorneys from pursuing potential claims on behalf of persons other than Employee.

(Please initial)
Employee _____
Hospital Representative _____

297065.1
407386.1

Employee may inform any prospective employer that he was an at-will employee of the Hospital and that he believes he was terminated without cause after raising an ERISA issue which the Hospital's compliance department. If Employee provides this information he will also indicate that the Hospital disagreed that there was an ERISA issue. Employee may further disclose that his claim for wrongful termination was subsequently resolved under a confidential settlement agreement.

The Hospital, and its officers, directors, agents and management-level employees, will have the right to discuss Employee's employment and this Agreement among themselves.

M.     Entire Agreement; Modification. The parties agree that this is the entire agreement between the parties. This Agreement overrides and replaces all prior negotiations and terms proposed or discussed, whether in writing or orally, about the subject matter of this Agreement, with the exception of any non-competition agreement, confidentiality agreement or other obligation which, by its terms or by operation of law, survives the termination of Employee's employment. In such event, the confidentiality obligations of this Agreement will supplement, but not replace, such agreement or agreements. No modification of this Agreement will be valid unless it is in writing identified as an Amendment to the Agreement and is signed by Employee and an authorized executive of the Hospital.

N.     Governing Law and Venue. This Agreement is governed by and construed in accordance with the laws of the state of North Carolina. If legal action is brought at any time based on any controversy or claim arising out of, or relating to this Agreement, the parties agree to submit to the jurisdiction and venue of the District or Superior Court of Forsyth County, North Carolina or the United States District Court for the Middle District of North Carolina (if that court has jurisdiction), and agree that either such court will have exclusive jurisdiction and venue of such action.

O.     Remedies for Breach.

(1)     ADEA. In the event that the Releasing Parties bring and prevail in an action against the Released Parties based on an ADEA claim released in Paragraph II.G, the Released Parties will be entitled to offset any recovery by the amounts paid under this Agreement or the amount recovered by the Releasing Parties, whichever is less. In the event that the Released Parties prevail in such an action, the Released Parties will be entitled to all remedies authorized by applicable law.

(2)     All Other Claims. In the event that the Releasing Parties bring an action against the Released Parties based on any other claim released in Paragraph II.G, the Released Parties may, at their option, and as applicable (a) stop making payments that would otherwise have been due under this Agreement; (b) demand the return of any payments that have been made under this Agreement; (c) plead this Agreement in bar to any such action; (d) seek any and all remedies available, including but not limited to injunctive relief and monetary damages, costs and reasonable attorneys' fees.

(3)     Breach by the Hospital. In the event that the Released Parties breach this Agreement, the Releasing Parties will be entitled to bring an action for breach of this Agreement but not for any claims released by Paragraph II.G. In the event that the

(Please initial)
Employee _____
Hospital Representative _____

Releasing Parties prevail in such an action, they will be entitled to recover (as appropriate and applicable) monetary damages, injunctive relief, costs and reasonable attorneys' fees.

P.    Severability.  Each provision of this Agreement is intended to be severable.  If any court of competent jurisdiction determines that any provision of this Agreement is invalid, illegal or unenforceable in any respect, the rest of the Agreement will remain in force.

EMPLOYEE ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS SEPARATION AND RELEASE AGREEMENT, AND KNOWS AND UNDERSTANDS ITS CONTENTS, AND VOLUNTARILY SIGNS IT OF HIS OWN FREE WILL.

IN WITNESS WHEREOF, the parties sign this Agreement on the dates indicated below with the intent to be bound by its terms and conditions.

NORTH CAROLINA BAPTIST HOSPITAL

_____(SEAL)     By: _____
Joseph H. Vincoli

Date: _____     Date: _____

*[signed]* (SEAL)
Robert E. Zaytoun

DATE: May 19, 2008

(Please initial)
Employee _____
Hospital Representative _____

Page 6 of 7

297065.1
407386.1

Case 1:09-cv-00420-WO-LPA   Document 65-1   Filed 04/08/16   Page 7 of 8

# EXHIBIT A

Employee badge
Parking badge
All other Hospital property

(Please initial)
Employee _____
Hospital Representative _____

297065.1
407386.1